# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MATTHEW C. RUDOLPH,**

    **Plaintiff,**

    vs.

**ALLSTATE INSURANCE COMPANY,**

    **Defendant.**

Case No. 2:18-cv-01743

Judge Sarah D. Morrison

Chief Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court for consideration of Defendant Allstate Insurance Company's Motion for Leave to File Exhibit Under Seal.  (ECF No. 62.)  Specifically, Defendant seeks leave to file under seal the Allstate Supplement for the R30001 Agreement (the "Supplement"), attached as Exhibit B to its Cross Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 61).  (ECF No. 62.)

In support of its Motion, Defendant contends that the Supplement "contains compensation plans, processes, product information, and applicable instructions and regulations" and that it is "highly proprietary and of no pertinent interest to the public."  (*Id.* at 2.)  Defendant also asserts that the Supplement outlines its "compensation formulas for Exclusive Agents after termination or separation from Allstate."  (*Id.*)

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978).  A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for

the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in

support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id.* (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Here, the Court finds that the public has some interest in this action; however, the information sought to be sealed in the Supplement is not of great interest to the public and is highly proprietary to Defendant. *See The Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 U.S. Dist. LEXIS 131141, at *10 (S.D. Ohio Aug. 17, 2017) (granting the motion to seal and redact documents containing sales information, business plans, and financial data).

For all these reasons, Defendant's Motion for Leave to File Exhibit Under Seal (ECF No. 62) is **GRANTED**.  The Clerk is **DIRECTED** to accept for filing under seal Exhibit B to Defendant's Cross Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 61).

**IT IS SO ORDERED.**

DATED:  April 27, 2020

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

3