IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW C. RUDOLPH, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:18-cv-1743 |
| - vs - | : | Judge Sarah D. Morrison |
| | : | Magistrate Judge Preston Deavers |
| | : | |
| ALLSTATE INSURANCE CO., | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This Opinion and Order resolves all Objections to trial deposition testimony filed on February 24, 2021 (ECF No. 110) in anticipation of the March 1, 2021 jury trial.

**I.  Danielle Cantrell**

A.  *Defendant Allstate's Objection*, page 15, line 5 – page 17, line 3: This portion of Ms. Cantrell's testimony addresses Allstate's investigation of other Allstate agents. Defendant objects, arguing that the testimony is irrelevant and barred by Fed. R. Evid. 403. Plaintiff Matthew Rudolph replies by referring to a memorandum the Court instructed him not to file because his response was established in his opposition to Allstate's motion *in limine* as well as during his argument at the final pre-trial conference on this topic. To summarize, Rudolph argues that this is information is relevant to show Allstate's true reason for terminating Rudolph.

The Court **SUSTAINS** the objection. Motive is not an issue in breach of contract cases. *Great N. Ins. Co. v. H.J. Osterfeld Co.*, No. 3:08-cv-382, 2012 U.S.

1

Dist. LEXIS 11606, at *19-20 (S.D. Ohio Jan. 31, 2012)(Black, J.)(citing *King v. Hertz Corp.*, No. 1:09 CV 2674, 2011 U.S. Dist. LEXIS 35610, at *6 (N.D. Ohio Mar. 31, 2011); *see also ORO BRC4, LLC v. Silvertree Apartments, Inc.*, No. 2:19-cv-04907, 2021 U.S. Dist. LEXIS 9235, at *25 (S.D. Ohio Jan. 19, 2021)(Marbley, J.)("'where a contract exists between two parties, a breach of that contract does not create a tort claim.'")(quoting *Verizon Advanced Data, Inc. v. FrogNet, Inc.*, No. 2:05-cv-955, 2010 U.S. Dist. LEXIS 32595, 2010 WL 143325, at *13 (S.D. Ohio Apr. 2, 2010)(Holschuh, J.)). Hence, the actions Allstate took with regard to other agents and the reasons therefore are irrelevant to whether Allstate had cause to terminate Rudolph. Additionally, to the extent that the evidence is relevant, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. R. 403.

    B.    *Defendant Allstate's Objection*, page 51, line 7- page 52, line 18: This portion of the deposition deals with Exhibit 15, which regards removing the binding authority of Kevin Palmer. Rudolph relies upon arguments established in his motion *in limine* filing and presented at the final pre-trial. Allstate and Rudolph present the same arguments as above, and the Court **SUSTAINS** the objection for the same reason it did above.

    C.    *Defendant Allstate's Objection*, page 76, line 13 - page 79, line 13: This section addresses Exhibits 10-12, Summaries of Evidence for Ben Bailey, as well as Exhibits 13-15, Summaries of Evidence for Jennifer Sexton. Again, same objection,

same response, and same result for the reasons set forth in section I. A. above. The Objection is **SUSTAINED**.

D.  *Plaintiff Rudolph's Objection,* page 126, lines 14-17: Here, Cantrell is asked whether Allstate had an expectation as to who was the owner of a particular agency and she responded "sure." Rudolph objects for lack of foundation, and Allstate contends Cantrell's experience with and training from Allstate provide her with a sufficient foundation to answer.

Cantrell is a lawyer who clerked for the Ninth Circuit Court of Appeals before beginning to work for Allstate as an investigator in 2016. (ECF No. 107-1, PageID 3407, 3483-6.) She is a certified fraud examiner, has a certificate in interviewing and interrogation by the Widklander-Zulawski organization, and is a licensed private investigator in Illinois, although her license is inactive. *Id.*, PageID 3485. Her duties as an investigator were to "investigate allegations of employee and agency misconduct." *Id.*, PageID 3486. This included investigating independent contractors like Rudolph. *Id.*, PageID 3487. She conducted approximately 100-150 investigations during her tenure at Allstate. *Id.* Allstate provided relevant job training to her and she also learned about Allstate's business through investigative interviews. *Id.*, PageID 3487-88.

Her testimony stablishes a strong familiarity with, and knowledge of, Allstate's business and exclusive agent contracts and paperwork. *Id.*, PageID 3486-3525. Combined with her legal background, Allstate laid an adequate foundation for

3

her testimony as to Allstate's ownership expectations. The objection is **OVERRULED**.

   E.   *Plaintiff Rudolph's Objection,* page 136, lines 4-8: Here, Cantrell is asked whether a certain individual within Rudolph's agency was responsible for preparing or inputting a customer's demographic information in Exhibit D-3. She responds that Kevin Palmer was that individual. Rudolph objects to D-3 on hearsay and foundation grounds. Allstate argues Cantrell reviewed D-3 as part of her investigation of Rudolph and that Cantrell had foundation because she knew a subproducer code on D-3 belonged to Kevin Palmer. (ECF No. 107-1, PageID 3534.) The Court agrees with Allstate and **OVERRULES** the objection.

   F.   *Plaintiff Rudolph's Objection,* page 138, lines 10-19: The hearsay objection is **MOOT** because Allstate agrees to withdraw the question and response.

   G.   *Defendant Allstate's Objection*, page 160, lines 13-24: This objection deals with Rudolph's Exhibit 9 to Cantrell's trial deposition. Exhibit 9 is a letter Cantrell wrote about Keith Baggs, another Allstate agent. Allstate repeats its objection stated in section I. A. above, and although there is no response from Rudolph, the Court assumes it is the same as in section I. A. *supra.* The objection is **SUSTAINED** for the same reasons set forth in section I. A.

II.   **Megan Gold**

   A.   *Plaintiff Rudolph's Objection,* page 34, line 22 – page 35, line 2: This section addresses Allstate's Exhibit 8 to Gold's trial deposition. Exhibit 8 contains e-mails to and from various Allstate employees and agents, Rudolph included. (ECF

4

No. 109-4, PageID 3831-3834.) Ms. Gold is asked to identify the exhibit and she does. Rudolph objects as to the portions of the e-mail chain that were not emailed to her as hearsay. Allstate counters that Ms. Gold is capable of identifying and authenticating an e-mail chain that included her. The objection is **SUSTAINED** as to the email dated April 12, 2018 and timestamped 4:10 p.m. and is **OVERRULED** as to the remainder because Ms. Gold was copied on the subsequent e-mails.

  B. *Defendant Allstate's Objection*, page 76, line 17- page 77, line 13; page 77, line 19-page 79, line 14: This testimony addresses Allstate's termination of other agents. Same objection, same response, and same result as in section I. A. *supra*. This objection is **SUSTAINED**.

  III. **Darren Olsen**

  A. *Plaintiff Rudolph's Objection*, page 48, line 16 – page 49, line 7: This objection addresses Plaintiff's Exhibit 2, an e-mail sent by Jill Mosley to Woody Whitaker. (ECF No. 109-1, PageID 3636-37.) It is a summary about inaccurate consumer information being used to order consumer reports from Rudolph's agencies. Olsen is shown the exhibit and asked if he knows who Woody Whitaker is. Olsen responds that Whitaker was in human resources or investigative services at Allstate. Rudolph objects, arguing that the e-mail contains hearsay and is not a business record because it is a summary requiring authentication by the creator of the e-mail. Allstate responds that the e-mail is a business record. The objection is **SUSTAINED** as no foundation was laid to establish that the document is a business record.

5

B. *Plaintiff Rudolph's Objection*, page 48, lines 17-20: This objection is encompassed within the objection directly above and the result is the same.

C. *Plaintiff Rudolph's Objection,* page 52, lines 1- page 56, line 7: This objection pertains to Defendant's Exhibit 3 to the Olsen deposition. It is a screenshot of information about policyholders whose names are misspelled. Plaintiff argues it is hearsay as well as a summary which requires authentication by the creator of the document such that it is not a business record. Allstate argues it is a business record, and Olsen's testimony does establish it as one. The objection is **OVERRULED**.

D. *Defendant Allstate's Objection*, page 61, line 20-page 62, line 1: Here, Olsen discusses Joint Exhibit 3, a letter of understanding. The relevant exchange provides:

> Q. Okay. With regard to any of these bullet points, are you aware if anything was done by whoever -- we don't even know who allegedly did this -- with some sort of intent to deceive or malice?
>  MR. FRYMAN: Objection.

Allstate's objection asserts that the question was argumentative. Rudolph does not respond. The Objection is **SUSTAINED**. Olsen specifically testifies before the question that he does not know who "did this." (ECF No. 109-1, PageID 3649.)

E. *Plaintiff Rudolph's Objection*, page 66, line 14 – page 67, line 7: This portion concerns Defendant's Exhibit 3, addressed in section II. C. Rudolph's objections and Allstate's response mimic what is set forth in that section. The Court

rules the same as in that section for the same reasons. This objection is

**OVERRULED**.

IV.   **Adam Tuttle**

*Defendant Allstate's Objection*, page 10, line 17 – page 11, line 14: The relevant exchange is:

> A.  BY MR. RUTTER:
> Q. So, fast-forwarding a little bit, Adam, after Matt is terminated, as I understand it, Steve Sweeney became an agent within the Columbus area?
> MR. FRYMAN: Objection.
> BY MR. RUTTER:
> Q. Do you understand that?
> MR. FRYMAN: Objection.
> BY THE WITNESS:
> A. I still answer, correct?
> BY MR. RUTTER:
>  Yes.
>  A. Okay. Yes, Steve Sweeney did become an agent in the Columbus market. I don't remember the exact date.
>  Q. Okay. Was that -- was he an agent in your territory for that 2018-'19 until you left?
> MR. FRYMAN: Objection.
> BY THE WITNESS:
> A. Again, I don't even remember if it was '18 that he became an agent. I believe so. But I can't promise that. He was not in my market when he came in to -- to be an agent.

(ECF No. 108-1, Page ID 3583-84.)  Sweeney became an Allstate agent after Rudolph was terminated. Allstate objects to this "other agent" testimony for the same reasons set forth in section I. A. Pursuant to the reasoning in that section, the Court **SUSTAINS** this objection.

7

**V.      Troy Hawkes**

A.     *Defendant Allstate's Objection*, page 72, line 21 – page 77, line 18: This testimony deals with other agents. Allstate's relevance and undue prejudice arguments are well-founded and this objection is **SUSTAINED**. *See* section I. A.

B.     *Defendant Allstate's Objection*, page 89, lines 16-24: This section pertains to what happened to Rudolph's policies after his termination. Allstate objects on relevance grounds. Rudolph responds "Allstate kept all of Rudolph's 18,000 policies and paid not commission on the documents. This is relevant." (ECF No. 110, PageID at 3888.) The issue in this case is whether Allstate had cause to terminate Rudolph. What happened to the policies after his termination is irrelevant to that question. This objection is **SUSTAINED**.

C.     *Defendant Allstate's Objection,* page 90, lines 2-10: This is a continuation of the discussion about the fate of Rudolph's policies. Defendant's relevance objection is **SUSTAINED** for the same reason in the section directly above.

D.     *Defendant Allstate's Objection,* page 90, lines 12-24: This section addresses other agents. Allstate's relevance and undue prejudice objections are **SUSTAINED**. *See* section I. A.

E.     *Defendant Allstate's Objection, page 91,* lines 2-22: More other agent testimony. Allstate's relevance and undue prejudice objections are **SUSTAINED**. *See* section I. A.

**VI. Andy Garza**

A. *Plaintiff Rudolph's Objection*, page 19, lines 8-11: Here, Garza testifies that a recommendation to terminate was made during a group discussion that he participated in. Rudolph objects on hearsay grounds. Allstate counters that no out of court statements were made. Finding no hearsay present, the Court **OVERRULES** the objection.

B. *Defendant Allstate's Objection,* page 31, lines 3-16: More other agent testimony. Allstate's relevance and undue prejudice objections are **SUSTAINED**. *See* section I. A.

**VII. Conclusion**

The Objections (ECF No. 110) are resolved as noted.

**IT IS SO ORDERED**.

                                      s/Sarah D. Morrison
                                      **SARAH D. MORRISON**
                                      **UNITED STATES DISTRICT JUDGE**